Yi Li v. City of North Las Vegas, et al.                                      Case No. _____

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

---

Yi Li,

Plaintiff,

v.

City of North Las Vegas; North Las Vegas Police Department; Officer

Flores, in her individual and official capacities; Sergeant Nelson, in his

individual and official capacities,

Defendants.

Case No. _____

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(JURY TRIAL DEMANDED)

## INTRODUCTION

This civil rights action challenges the North Las Vegas Police Department's ("NLVPD") refusal to take meaningful investigative action following a report of battery on December 7, 2024. Despite Plaintiff's provision of clear identifying details about the assailant—including the date, location, physical description, and evidence availability—NLVPD arbitrarily required a full name to investigate, refused to take a proper report, issued misleading documentation, and ultimately failed to follow up, in violation of Plaintiff's substantive due process rights.

Yi Li v. City of North Las Vegas, et al.                                    Case No. _____

Plaintiff brings this action under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, Monell liability based on a widespread policy or custom, and under state law for negligence, intentional infliction of emotional distress (IIED), negligent infliction of emotional distress (NIED), and violations of the Nevada Constitution.

Plaintiff seeks compensatory and punitive damages totaling approximately $2.3 million, reflecting the severe distress, fear, and constitutional harms endured.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367.

Venue is proper in the District of Nevada under 28 U.S.C. § 1391 because the events occurred in North Las Vegas, Clark County, Nevada.

## PARTIES

1. Yi Li is an individual residing in Clark County, Nevada, proceeding pro se.

2. Defendant City of North Las Vegas is a municipal entity organized under Nevada law.

3. Defendant North Las Vegas Police Department (NLVPD) is a division of the City responsible for law enforcement and policy implementation.

4. Defendant Officer Flores is the officer who interacted with Plaintiff on January 25, 2025, and refused to take a proper report.

5. Defendant Sergeant Nelson is the officer who followed up on February 7, 2025, but made misleading representations and failed to act.

Yi Li v. City of North Las Vegas, et al.                                      Case No. _____

6. Defendants acted under color of state law at all relevant times.

## FACTUAL ALLEGATIONS

1. On December 7, 2024, Plaintiff was the victim of a battery by a coworker in North Las Vegas. The incident occurred at a known workplace, and Plaintiff was able to describe the suspect by physical features, location, time of day, and availability of surveillance footage.

2. On January 25, 2025, Plaintiff appeared in person at NLVPD as instructed to file a report. Officer Flores refused to take a formal report, stating that NLVPD "does not investigate unless you have the name" of the suspect.

3. This requirement was arbitrary and obstructive. Plaintiff provided all identifying details that any reasonable officer could use to begin an investigation.

4. Officer Flores instead provided Plaintiff with a "Voluntary Statement" form and a Victim Information Guide that had a handwritten number. No indication was given that this was a case or report number.

5. Two weeks later, on February 7, 2025, Sergeant Nelson followed up but was combative, evasive, and dismissive. He implied the department was busy with unrelated internal matters and failed to send anyone to Plaintiff's workplace as promised.

6. Sergeant Nelson claimed that Officer Flores "did take a report" and the handwritten number was the report number—contradicting earlier statements. As of today, Plaintiff has no confirmation that a report was ever formally filed.

7. Plaintiff relied on NLVPD's specific instructions to appear in person. This reliance created a special duty, which NLVPD violated by arbitrarily refusing to act and by issuing misleading and confusing documents.

Yi Li v. City of North Las Vegas, et al.                              Case No. _____

8. Plaintiff experienced worsening emotional distress, anxiety, and fear, especially as the perpetrator continued to be present at the workplace.

9. In March 2025, due to anxiety and fear of retaliation, Plaintiff let their phone number lapse and could not follow up further. NLVPD had Plaintiff's address and other information but never made additional contact.

# CLAIMS FOR RELIEF

## COUNT I: 42 U.S.C. § 1983 – Violation of Substantive Due Process (14th Amendment)

(Against all Defendants)

1. NLVPD violated Plaintiff's right to substantive due process by arbitrarily refusing to investigate a violent crime without a suspect's name despite having other identifying information.

2. Defendants' policy shocks the conscience. It delayed and obstructed Plaintiff's access to safety and justice.

3. Defendants' use of misleading forms, contradictory statements, and their pattern of refusal constitute affirmative misconduct.

## COUNT II: Monell Liability under 42 U.S.C. § 1983

(Against the City of North Las Vegas and NLVPD)

1. NLVPD's refusal to investigate absent a suspect's name was not isolated. It was confirmed by the officer to be department-wide policy or custom.

2. The Monell violations deprived Plaintiff of constitutional protections and caused lasting psychological harm.

Yi Li v. City of North Las Vegas, et al.                                    Case No. _____

## COUNT III: Negligence – Under Nevada Law

(Against all Defendants)

1. Defendants owed Plaintiff a duty of care once they directed Plaintiff to appear in person.

2. By failing to act after initiating investigation and making promises, Defendants breached their duty, proximately causing Plaintiff's harm.

## COUNT IV: Intentional Infliction of Emotional Distress (IIED)

(Against all Defendants)

1. Defendants' conduct—including arbitrary obstruction, misleading statements, and refusal to act—was extreme and outrageous.

2. Plaintiff suffered severe emotional distress, fear, and anxiety as a direct result.

## COUNT V: Negligent Infliction of Emotional Distress (NIED)

(Against all Defendants)

1. Defendants should have foreseen that their refusal to act on a battery complaint would result in emotional harm to the victim.

2. Their negligence directly caused Plaintiff's suffering.

## COUNT VI: Violation of Nevada Constitution, Article 1 § 8 (Due Process)

(Against all Defendants)

1. Defendants deprived Plaintiff of liberty and security interests protected under the Nevada Constitution without due process.

Yi Li v. City of North Las Vegas, et al.                                    Case No. _____

## COUNT VII: Violation of Nevada Constitution, Article 4 § 21

(Against all Defendants)

1. Requiring a suspect's name as a precondition for investigation violates equal access to government services and due process under the Nevada Constitution.

## COUNT VIII: False Representation / Fraud

(Against Officer Flores and Sergeant Nelson)

1. Defendants falsely represented that a report was taken and that Plaintiff had a case number, when no such confirmation was ever made.

2. Plaintiff relied on this misinformation to their detriment.

# DAMAGES

Plaintiff seeks the following damages:

- Compensatory damages: $100,000 to $500,000 for emotional distress.

- Punitive damages: $10,000 per officer for egregious misconduct.

- Monell damages: $50,000 to $200,000 for harm caused by departmental customs and policies.

- Other damages: For delay, retaliation risk, and mental health deterioration.

- Total damages sought: $2.3 million.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

Yi Li v. City of North Las Vegas, et al.                    Case No. _____

1. Compensatory damages in an amount to be determined by a jury.

2. Punitive damages against the individual Defendants.

3. Declaratory judgment that Defendants' policies are unconstitutional.

4. Injunctive relief prohibiting NLVPD from enforcing name-only report requirements.

5. Reasonable costs and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.


    Respectfully submitted,

/s/ Yi Li

Yi Li

Plaintiff, Pro Se

yl.legal1000@gmail.com

July 24, 2025